## CITY OF MUSKEGON *v.* BRENAN.

CRIMINAL LAW—APPEAL—TRIAL ON MERITS—STIPULATIONS—DIS-
CHARGE—EFFECT—CERTIORARI.

> On complaint duly made and warrant regularly issued, re-
> spondent was convicted in justice's court of violating a
> city ordinance. He appealed to the circuit court, and, upon
> stipulated facts and without a jury, the court held he was
> not guilty in manner and form as alleged and entered an
> order for his discharge, *held*, that the trial was upon the
> merits, and, the proceedings being criminal in their nature,
> the city was not entitled to a writ of certiorari. *City of
> Grand Rapids* v. *Braudy*, 105 Mich. 670, distinguished.

Petition by the city of Muskegon for a writ of certiorari
to review a judgment of acquittal in a proceeding against
John R. Brenan for a violation of a city ordinance. Sub-
mitted March 3, 1909. (Calendar No. 23,290½.) Writ
denied March 16, 1909.

*James E. Sullivan*, for the writ.

MCALVAY, J. This is an application for a writ of cer-
tiorari, in a certain proceeding instituted and prosecuted
under a city ordinance, for the claimed violation of which
a conviction was asked. The case was begun before the
police justice of the city of Muskegon, against John R.
Brenan, upon a complaint duly made, and a warrant reg-
ularly issued, charging said Brenan with engaging in the
business of peddling from door to door in said city with-
out having first obtained a license therefor, contrary to
the provisions of an ordinance in such case made and pro-
vided. The respondent, Brenan, waiving a jury trial,
was tried and found guilty as charged by and before the
police justice, and adjudged to pay a fine of $50 within
one hour, and, in default of payment, to be imprisoned in
Muskegon county jail not to exceed 30 days. Brenan ap-
pealed to the circuit court for Muskegon county, where

the case was tried before the court without a jury, upon a written stipulation of facts signed by the attorneys for both parties, and the following judgment was entered:

"The court, having heretofore heard this cause, after mature deliberation thereon, finds that the said respondent is not guilty in manner and form as the said city of Muskegon has in its complaint and warrant in this cause charged. Whereupon the said John R. Brenan and his surety are discharged from their recognizance."

We are cited to the case of the *City of Grand Rapids* v. *Braudy*, 105 Mich. 670 (32 L. R. A. 116), as authority that certiorari is the proper remedy in this case. In the case cited an appeal was taken from police court to the superior court of the city of Grand Rapids, where that court, on motion of respondent, quashed the proceedings and discharged the prisoner. No trial was had upon the merits. This court held that the ordinance in question was valid, and held that a writ of certiorari was properly granted to compel the superior court to proceed with the trial. The cases are distinguishable. In the case at bar there was a trial and a judgment of acquittal. That the facts were stipulated made it none the less a trial upon the merits. Under the circumstances, whether the trial was for violation of an ordinance or a statute, the people have no appeal. When a court of inferior jurisdiction refuses to proceed with a trial, then this court has granted the writ. Ordinance cases are brought to this court, by defendants, on writs of certiorari, from city courts, where convictions have been had, but we are cited to no case, and we have been able to find none, where the people have any appeal after an acquittal on the merits, where the proceedings were criminal or quasi criminal in their nature. The adjudicated cases are to the contrary. *People* v. *Swift*, 59 Mich. 541; *United States* v. *Sanges*, 144 U. S. 310, and cases cited.

The writ is denied.

BLAIR, C. J., and GRANT, MONTGOMERY, and BROOKE, JJ., concurred.